# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff**

                                              Case No. **19-MJ-3001**

  -vs-

**DANNY RAY WILLIAMS,**

      **Defendant.**

## STATEMENT OF REASONS FOR RELEASE ORDER
## AND CLARIFICATION OF WAIVER OF PRELIMINARY HEARING

**THIS MATTER** came before the Court on the United States' oral motion for detention, which was made in open court at Defendant's initial appearance on September 5, 2019. *See* Doc. 2. The Court held a hearing on the government's motion on September 6, 2019, at which time the Court also had scheduled an identity hearing and a preliminary hearing pursuant. At the beginning of the hearing, the Defendant waived his right to an identity hearing and production of the warrant. *See* Doc. 7. The Defendant also waived his right to a preliminary hearing in the District of New Mexico, but requested that his preliminary hearing be held in the Western District of Texas.[1] *See id.*

The Court then turned to the issue of detention. The Court and the parties had been provided with a pretrial services report that recommended that the Defendant be released pending trial subject to specified conditions, based on the Defendant's corroborated work

---

[1] The Clerk's Minutes mistakenly suggest that Defendant waived his right to a preliminary hearing altogether. *See* Doc. 8. This is incorrect; Defendant only waived his right to a preliminary hearing here in the District of New Mexico.

history, military history, and very limited criminal history. Because of the release recommendation, the Court asked the United States if it objected to the recommendation of pretrial services. **The United States stated that it did not object to the recommendation of release.** Because the United States did not object to the release order, and because the information in the pretrial services report was sufficient to overcome the presumption of detention in 18 U.S.C. § 3142(e)(3)(A), the Court ordered that the defendant be released, subject to specified conditions. **At no time did the United States ever object to the release order, nor did it ever ask that other or different conditions of release be imposed.** That release order is attached.

Within hours, AUSA Shane A Chriesman, an AUSA in the Western District of Texas, filed a motion for revocation of the Court's release order and a motion to stay release pending a hearing in the Western District of Texas. In the motion, AUSA Chriesman stated only that Defendant had been charged with a narcotics offense for which there exists a presumption that the Defendant should be detained, and that "[s]ubstantial evidence exists that the Defendant is a danger to the community and poses a flight risk." *United States v. Danny Ray Williams*, No. MO-19-MJ-249, Doc. 4 (W.D. Tex. Sept. 6, 2019). AUSA Chriesman does not describe what that "substantial evidence" was, nor was any of that evidence presented at today's hearing in the District of New Mexico. **The government did not present any evidence at all at the detention hearing in the District of New Mexico, nor did it present any argument that Defendant should be detained. Instead, the United States stated that it had no objection to the Defendant's release as recommended by pretrial services.** This fact, however, was not included in AUSA Chriesman's motion to the Court in the Western District of Texas. Based on

2

this incomplete information, District Judge David Counts of the Western District of Texas ordered a hearing on the government's motion for revocation and also ordered a stay of this Court's order releasing the Defendant.

This Court recognizes that the Western District of Texas has original jurisdiction over this case, and that pursuant to 18 U.S.C. § 3145(a), a District Judge in the Western District of Texas may review and revoke this Court's order of release. Here, however, the United States did not present any evidence at the detention hearing, and it agreed to the Defendant's release. But within hours of the hearing, the United States moved for revocation of the release order and a stay of that order without ever informing the deciding judge that a few hours earlier it had agreed to the order that it was seeking to revoke. The Defendant is not represented in the Western District of Texas and had no opportunity to respond to the government's motion before Judge Counts ruled on it. In my view, AUSA Chriesman's motion demonstrated a lack of candor to the Court.

Laura Fashing
United States Magistrate Judge