IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 19-MJ-3001 |
| | ) | |
| vs. | ) | |
| | ) | |
| **DANNY RAY WILLIAMS**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING THE UNITED STATES' MOTION TO RESCIND THE STATEMENT OF REASONS FOR RELEASE ORDER AND CLARIFICATION OF WAIVER OF PRELIMINARY HEARING

THIS MATTER having come before the Court on the United States' Motion to Vacate the Detention Hearing and Motion to Vacate and Rescind the Statement of Reasons for Release Order and Clarification of Waiver of Preliminary Hearing, and having considered the grounds set forth in those motions, finds that the motions are well-taken and should be granted.[1]  The Court accepts that the inconsistent positions of the United States with respect to Mr. Williams' release was the result of unintentional miscommunications.   However, given the circumstances of this case, the Court finds it necessary to comment on two aspects of the government's motion.

First, the United States notes "that it is extremely rare for a defendant charged with a presumption case like this one to be released on conditions in the Midland Division of the Western District of Texas."   Doc. 11 at 2, n.1.   In the future, AUSAs in the District of New Mexico should make clear to AUSAs in other Districts that this Court does not automatically detain any defendant.   Even if a presumption of detention applies, this Court follows

---

[1]  The Court already vacated the detention hearing that was scheduled for September 12, 2019. *See* Text-Only Order entered 9/11/2019.

1

longstanding Tenth Circuit caselaw that the defendant's burden of production to overcome the presumption is not heavy, and that "the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354−55 (10th Cir. 1991) (per curiam). In other words, if the charging District wants a defendant detained, it is the charging District's responsibility to provide the AUSA handling the matter in this District with any information and evidence that relates to a defendant's dangerousness and/or risk-of-flight.

Second, the United States also notes that "the defendant's claims that he only agreed to waive those [identity and preliminary] hearings because of the United States' position [that it did not oppose release], or that he has been prejudiced by the Western District of Texas later seeking to revoke the release order, lack merit." Doc. 11 at 2, n.2. It was the Court, not Mr. Williams, who suggested that Mr. Williams may have waived his identity hearing and preliminary hearing (in New Mexico) based on the government's position on detention. Although the Court knew that Mr. Williams formally waived those hearings before the Court addressed the issue of detention, parties often discuss these issues in advance of the hearing, and the Court thought that that may have happened in this case. But the parties disabused the Court of that idea at the hearing on Friday afternoon, and the Court did not base its Statement of Reasons on this rationale.

Nonetheless, the Court still believes that Mr. Williams may have suffered prejudice as a result of the government's miscommunications and inconsistent positions. Had the government presented evidence and argument at the detention hearing showing that Mr. Williams was either a flight risk or a danger to the community, Mr. Williams would have had an opportunity to address that evidence and argument directly. *See* 18 U.S.C. § 3142(f) ("The person shall be

2

afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise."). Had the Court heard the evidence, it may have ruled in favor of the government and ordered Mr. Williams detained, but it would have done so only after explaining on the record and in writing its reasoning. *See* 18 U.S.C. § 3142(i). Mr. Williams then could have assessed whether to appeal that ruling to a District Judge in Texas. On the other hand, it also is possible that the Court still would have released Mr. Williams, but it may have imposed additional or different conditions of release that alleviated the government's concerns about Mr. Williams' flight risk or his danger to the community. Although the United States still could have appealed the Court's order and sought a stay, Mr. Williams at least would have been aware of the evidence and argument that supported his detention. In other words, the procedural safeguards in the Bail Reform Act are intended to ensure that defendants are not detained without an evidentiary hearing for *at most* three or five days (depending on which party is seeking the continuance) after the defendant's first appearance. *See* 18 U.S.C. § 3142.

Here, because of the inconsistent positions of the United States, Mr. Williams was held in custody for three full days after his initial appearance (not including the intervening weekend) without a true evidentiary hearing, and without the prospect of an evidentiary hearing until a full three weeks after his initial appearance on September 5, 2019. During that time, Mr. Williams lost his liberty, could have lost his job (which helps to support his four children), and certainly was not able to work while in custody. Thus, although the United States acted quickly to rectify the situation, its actions could have had a profound effect on Mr. Williams, which is unfortunate. Nonetheless, and as stated above, the Court accepts the explanations of the United States and appreciates the efforts it made to secure Mr. Williams' release on September 11, 2019.

IT IS THEREFORE ORDERED that the Court's Statement of Reasons for Release Order and Clarification of Waiver of Preliminary Hearing (Doc. 10) is hereby rescinded and vacated.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE